UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK M. COLSTON,

                Petitioner,

-vs-                                                Case No.  8:07-cv-2194-T-24EAJ

SECRETARY, DEPT. OF CORRECTIONS,

                Respondent.
_____/

**ORDER**

This cause is before the Court on Petitioner Patrick Colston's 28 U.S.C. § 2254 petition for writ of habeas corpus. Colston challenges his conviction and sentence entered by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida.  Respondent filed a response with a motion to dismiss the petition as time-barred. (Doc. No. 7).  The Court allowed Colston 30 days to file a reply to the response, but he did not do so.

A review of the record demonstrates that, for the following reasons, Respondent's motion to dismiss the petition as time-barred must be granted and the petition must be denied.

PROCEDURAL BACKGROUND

In January 1999, Colston was charged by grand jury indictment with one count of first degree murder and one count of burglary of a dwelling. In April 2000, the case proceeded to jury trial. The jury found Colston guilty as charged on both counts. On May 18, 2000, the state trial court sentenced Colston to life in prison on each count.

Colston appealed. On June 27, 2001, in Case No. 2D00-2451, the state district court of appeal affirmed Colston's convictions and sentences without prejudice to his raising his

ineffective assistance claim in a Rule 3.850 motion for postconviction relief. (Exhibit 2). *Colston v. State*, 787 So. 2d 967 (Fla. 2d DCA 2001). The mandate issued July 17, 2001. (Exhibit 3: Second District Case Docket).  On September 20, 2002, Colston, pro se, filed  a Rule 3.850 motion for postconviction relief, raising six grounds for relief. (Exhibit 4).

On July 25, 2002, the state trial court summarily denied grounds two to six and directed the State to respond to ground one. (Exhibit 5). The State filed its response on February 4, 2003. (Exhibit 6). On February 11, 2003, the state trial court denied ground one of the Rule 3.850 motion. (Exhibit 7). Colston appealed the adverse rulings.

Because of the summary nature of the proceeding, neither party filed a brief. On October 3, 2003, in Case No. 2D03-1781, the state district court of appeal per curiam affirmed the state trial court's orders denying postconviction relief. (Exhibit 8). *Colston v. State*, 2003 Fla. Appl. LEXIS 14938 (Fla. 2d DCA Oct. 3. 2003)[table]. The mandate issued October 27, 2003. (Exhibit 9).

The docket sheet of the state district court of appeal shows that Colston filed an untimely motion for rehearing in 2005, which the state district court of appeal denied on February 23, 2005. (Exhibit 10).

Attorney General records indicate that on April 5, 2004, Colston mailed to the Attorney General in Tallahassee, the Clerk of the Court for the Third Judicial Circuit, Taylor County, Florida, and to Circuit Judge James Bean, a document styled "FORM FOR USE IN APPLICATION FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254." (Exhibit 11). This document raised seven allegations of ineffective assistance of trial counsel. Colston did not file a copy of the habeas corpus petition in the United States District Court for the Middle District of Florida, and Colston has not alleged that he did so.

## THE PRESENT PETITION

Colston signed the present federal petition and submitted the document to prison officials for mailing on November 29, 2007. (Doc. No. 1). Colston raises two allegations of ineffective assistance of trial counsel.

## THE PRESENT PETITION IS UNTIMELY

The present petition is time-barred under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. Colston's judgment became final on September 25, 2001, ninety days after his conviction and sentence were affirmed on appeal on June 27, 2001. *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review); *Chavers v. Secretary, Fla. Dept. of Corrections*, 468 F.3d 1273 (11th Cir. 2006)(confirming that the one-year statute of limitations begins to run 90 days after the appellate court's affirmance, rather than 90 days after the mandate was issued).

Therefore, absent any collateral tolling applications filed in the state courts, Colston had until September 24, 2002, to file a timely § 2254 habeas petition in this Court. Subsection (2) of §2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Colston properly filed his Rule 3.850 motion for postconviction relief on February 20, 2002, after 147 days of the federal limitations period had elapsed. The postconviction proceeding tolled the federal

limitation period until it became final with the issuance of the appellate mandate on October 27, 2003.

Upon recommencement of the one-year period on October 28, 2003, Colston had 218 days remaining, or until June 2, 2004, to file his federal petition. Colston did not file the current federal petition until November 29, 2007, more than three years beyond the expiration of the one-year limitations period.  Therefore, the petition is untimely.

### Equitable Tolling

The Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005)(because Respondent assumed equitable tolling applied and because Petitioner was not entitled to equitable tolling under any standard, Court assumed without deciding its application for purposes of case). The Eleventh Circuit has held that equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when extraordinary circumstances have prevented an otherwise diligent petitioner from timely filing his petition. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)(holding equitable tolling is an extraordinary remedy that is typically applied sparingly; however, it is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence).

It appears Colston does not dispute the federal petition is untimely. However, in the Timeliness section of the instant petition, Colston argues his petition should not be time-barred for the following reasons:

> The Petitioner obtained the services of a lawyer in good standing on the Florida Bar, to prepare and file his petition. The Petitioner has inquired through

> family members and friends about the status of the petition and those inquiring were always advised that the petition was pending.
>
> On or about September 20, 2007, the Petitioner was advised of the death of counsel.
>
> The Petitioner has forwarded several inquiries to this Court concerning the status of his petition, which have gone unanswered. On November 1, 2007, a relative of Petitioner contacted this Court and explained the situation, but no petition could be located.
>
> The Petitioner has been impeded from filing his 2254 petition in a timely manner. He is not versed in law and does not understand the procedures thereof. The Petitioner had every intention of filing a petition and thought it was filed.

See § 2254 petition at p. 20.

Colston's allegations, as stated, are insufficient to establish entitlement to equitable tolling. Colston's self-serving, unsupported allegations do not support a finding that extraordinary circumstances prevented him from filing a timely federal petition or that Colston exercised due diligence. Colston does not name the attorney who was allegedly representing him, nor does he state when he obtained the attorney's services. He has offered no documentation to support his allegations that he made inquiries of his attorney or this Court regarding the status of his federal petition, nor has Colston specified dates or manner of inquiry, or the identity of the persons initiating such inquiries.

Finally, Colston has not demonstrated that he obtained the attorney's services prior to expiration of the one-year period. To the extent Colston faults his attorney for failing to file a timely petition, the Eleventh Circuit has held repeatedly that attorney mistake or negligence is not a basis for equitable tolling. *Pugh v. Smith*, 465 F.3d 1295, 1300-01 (11th Cir. 2006); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (denying equitable tolling based on attorney's miscalculation of the limitation period); *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th

Cir. 1999) (holding equitable tolling was not justified where attorney filed a habeas petition 5 days late because he sent it by ordinary mail). *See also, Melendez v. Sec'y, Dep't of Corr.*, 247 Fed. Appx. 188 (11th Cir. 2007) (unpublished), where the Eleventh Circuit held:

> We conclude that equitable tolling is not warranted in this case because Melendez cannot show extraordinary circumstances. The untimely filing of his § 2254 petition ultimately resulted from his lawyer's mistaken belief that the filing of a second state postconviction petition would toll the limitations period under 28 U.S.C. § 2244(d)(2). That belief turned out to be mistaken because Melendez's second application for state postconviction relief was dismissed as untimely, and such an untimely application in state court is not "properly filed" under AEDPA and thus does not toll the limitations period under § 2244(d)(2). *See Webster v. Moore*, 199 F.3d 1256, 1257 (11th Cir. 2000). Our case law establishes that such a "miscalculation or misinterpretation by [petitioner's] attorney in interpreting the plain language of the statute does not constitute an extraordinary circumstance sufficient to warrant equitable tolling." *Steed*, 219 F.3d at 1300; *Helton*, 259 F.3d at 1313.
>
> Equally unavailing is Melendez's argument that he lacked access to his legal papers until after the federal limitations period had expired. Melendez was separated from his legal papers while his lawyer prepared his case for state postconviction relief, a period of separation that is routine for prisoners with access to legal representation. Even assuming that Melendez's lawyer failed to return Melendez's legal papers promptly upon request, it is clear that any such failure was the result of the lawyer's mistaken belief that filing a second state postconviction petition was the appropriate course of action and would toll AEDPA's one-year period of limitations. Because a lawyer's error does not constitute extraordinary circumstances, equitable tolling is not warranted under the circumstances of this case. *See Steed*, 219 F.3d at 1300.

*Melendez,* 247 Fed. Appx. *at 189.*

Colston has not shown how he was prevented from filing a pro se petition during the time remaining in the limitations period, and the fact that Colston filed the instant petition without the aid of an attorney would militate against any such argument. More importantly, the existence of the pro se § 2254 petition served on the Attorney General in April, 2004 (Exhibit 11), suggests not only that Colston was fully capable of filing a pleading which meets all the requirements of 28 U.S.C. § 2254, but also that he was not represented by counsel during that

time period. Moreover, the existence of this pleading, served approximately two months prior to expiration of the limitations period, also strongly suggests Colston was aware of the federal one-year limit and that he was not prevented from timely filing a § 2254 petition.

Colston's petition is untimely, and Colston has not shown cause why it should not be dismissed as untimely under § 2244(d). *See Day v. McDonough*, 547 U.S. 198 (2006)(district courts are permitted to consider sua sponte timeliness of a state inmate's habeas petition, but must accord parties fair notice and an opportunity to present their positions).

**Accordingly, the Court orders:**

That Respondent's motion to dismiss the petition as time-barred is granted. Colston's petition is denied. The Clerk is directed to enter judgment against Colston and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S.

322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 13, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Patrick M. Colston, pro se